**Beatrice Jacqueline Marc MOINY; Aurore Delphine Raphai Jenart, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70218.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.*

Decided Oct. 26, 2004.

Fed. R.App. P. 34(a)(2).

**616**

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM **

Beatrice Moiny petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming without opinion the decision of the immigration judge ("IJ"). The IJ denied Moiny's applications for asylum, withholding of removal, and Convention Against Torture relief.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), we deny the petition.

An application for asylum must be denied if the alien has firmly resettled in another country. 8 U.S.C. § 1158(b)(2)(A)(vi). An alien is considered firmly resettled if, "prior to arrival in the United States . . . she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement. . . ." 8 C.F.R. § 208.15.

Moiny argues that the IJ erred in finding her ineligible for asylum on the basis of firm resettlement. But substantial evidence in the record supports the presumption that Moiny was firmly resettled in Monaco before entering the United States. *See Cheo v. INS*, 162 F.3d 1227, 1229–30 (9th Cir.1998) (holding that lengthy undisturbed stay in a third country supported presumption of firm resettlement). Moiny lived in Monaco, where she had permanent resident status, from April 1992 until December 1994. During her stay, Moiny lived in an apartment owned by her parents, her daughter attended school, and Moiny was eligible to work.

Moiny attempts to rebut the presumption of firm resettlement by arguing that she would be denied renewal of permanent residency status based on her outstanding warrant in Monaco. We rejected a similar

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Moiny does not appeal the IJ's denial of relief under the Convention Against Torture. Though it is not entirely clear from her brief, it seems that Moiny does not appeal the IJ's denial of her withholding of removal claim. We note, nonetheless, that substantial evidence in the record supports the IJ's conclusion that Moiny failed to establish a nexus between her alleged persecution and her purported whistle blowing activity or her membership in a particular social group. *See Sangha v. INS*, 103 F.3d 1482, 1490–91 (9th Cir. 2004). Absent sufficient proof of a nexus between her alleged persecution and a protected ground under the statute, her asylum claim must fail. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Moiny's apparent failure to establish eligibility for asylum necessarily precludes her from meeting the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

argument in *Vang v. INS*, 146 F.3d 1114 (9th Cir.1998). In *Vang*, the petitioner had resettled in France after fleeing Laos, but failed to renew his travel documents after arriving in the U.S. *Id.* at 1115–17. He argued that the BIA erred in finding firm resettlement in France because France would forbid the renewal of his travel documents. *Id.* at 1117. The court disagreed, holding that "the fact that Vang allowed his French travel document to expire after he entered the United States cannot alter the disposition of his asylum claim." *Id.* As in *Vang*, here petitioner may not overcome a finding of firm resettlement by showing that she can not renew her previous offer of permanent residency.

Moiny also relies on a 1999 State Department Report for Monaco stating that only residents who hold Monesgasque nationality can vote, hold elective office, and access unemployment or disability insurance. But as the definition makes clear, firm resettlement does not require the third country to extend to a petitioner *all* the rights afforded citizens. *See* 8 C.F.R. § 208.15 ("An alien is considered to be firmly resettled if ... he or she ... received ... an offer of resident status, citizenship, *or* some other type of permanent resettlement ...." (emphasis added)).

Because Moiny failed to rebut the presumption of firm resettlement, she is barred from seeking asylum in the United States. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); *Cheo*, 162 F.3d at 1229–30.

Therefore, the petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*